# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:11-cv-486-FDW
## (3:07-cr-61-FDW)

| | |
|---|---|
| STEVEN JERMONTE CURETON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Respondent's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 5). Also before the Court is Petitioner's "Traverse with Motion to Amend," (Doc. No. 7), in which Petitioner responds to the motion to dismiss and seeks to present additional arguments in support of his § 2255 petition.

## I. BACKGROUND

On April 24, 2007, in a Superceding Indictment, the Grand Jury for the Western District of North Carolina indicted Petitioner Steven Jermonte Cureton on five counts. Count One charged Petitioner and nineteen other defendants with conspiracy to possess with intent to distribute cocaine base, cocaine, marijuana, and 3,4-Methylenedioxymethamphetamine (commonly known as "Ecstasy") (21 U.S.C. §§ 846 and 841(b)(1)(A), (B), (C), and (D)). (3:07cr61, Doc. No. 140 at 3-4). Counts Twenty-Two and Thirty charged Petitioner with possession with intent to distribute cocaine base and cocaine, and aiding and abetting the same,

in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and (C) and 18 U.S.C. § 2. (Id., Doc. No. 140 at 15; 19). Count Thirty-One charged Petitioner with possession of a firearm by a convicted felon and aiding and abetting the same, in violation of 18 U.S.C. §§ 922(g)(1) and 2. (Id., Doc. No. 140 at 19). Finally, Count Thirty-Two charged Petitioner with use and carry of a firearm during and in relation to, or possession of a firearm in furtherance of, a drug trafficking crime and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c) and 2. (Id., Doc. No. 140 at 20).

On March 29, 2007, the Government filed a Section 851 notice informing Petitioner that the Government would rely on three prior convictions, all obtained in North Carolina state court, as predicate felonies to support an enhancement of Petitioner's sentence. (3:07-cr-61, Doc. No. 24 at 3-4). The first felony conviction was for Felony Possession of Schedule II Controlled Substance. (Id.). On March 25, 2003, Petitioner was sentenced on this conviction to six to eight months imprisonment, suspended, and 36 months supervised probation. (Id., Doc. No. 293 at 11). The second conviction was for Felony Possession of Schedule I Controlled Substance. (Id., Doc. No. 24 at 3-4). On September 17, 2003, Petitioner was sentenced on this conviction to six to eight months imprisonment, suspended, and 30 months supervised probation. (Id., Doc. No. 293 at 11). The third conviction was for Felony Possession with Intent to Sell and Deliver Cocaine. (Id., Doc. No. 24 at 3-4). The PSR does not list this third conviction or the resulting sentence. Of the convictions listed in the PSR, none carried a sentence of more than one year.

On September 26, 2007, Petitioner entered into a written plea agreement with the Government, agreeing to plead guilty to Count One of the Indictment. (Id., Doc. No. 190). In the agreement, the parties stipulated that the amount of cocaine base that was known to, or reasonably foreseeable by, Petitioner was 876 grams. (Id., Doc. No. 190 at 2). On October 3,

2

2007, Petitioner entered a plea of guilty before this Court, Magistrate Judge Carl Horn, III, presiding. (Id., Doc. No. 203). Petitioner later moved to withdraw his guilty plea, but this Court denied the motion. (Id., Doc. No. 236; Oral Order dated 1/22/2008).

On or about May 1, 2008, the Probation Office for the Western District of North Carolina completed a revised PSR in preparation for Petitioner's sentencing hearing. (Id., Doc. No. 293). In the final PSR, the probation officer began with a base offense level of 34 based on the drug quantity to which the parties stipulated in the plea agreement. (Id., Doc. No. 293 at 9). The probation officer recommended a two-level increase because Petitioner possessed a firearm in conjunction with the offense and recommended a three-level reduction for acceptance of responsibility, yielding a total offense level of 33. (Id.). Based on an offense level of 33 and a criminal history category of II, the probation officer noted an applicable Sentencing Guidelines range of between 151 and 188 months. (Id., Doc. No. 293 at 15). However, because the Government filed an Information pursuant to 21 U.S.C. § 851 based on Petitioner's prior drug trafficking convictions, Petitioner was subject to a statutory mandatory minimum life term of imprisonment. (Id.).

On December 11, 2008, this Court conducted Petitioner's sentencing hearing. During the hearing, the parties stipulated to a factual basis to support Petitioner's guilty plea. (Id., Doc. No. 516 at 5). The Government partially withdrew its § 851 notice, thereby lowering the statutory minimum punishment to 240 months imprisonment. (Id., Doc. No. 516 at 12). On December 11, 2008, the Court sentenced Petitioner to 240 months imprisonment. (Id., Doc. No. 516 at 31).

Petitioner appealed. On July 23, 2010, the Fourth Circuit affirmed this Court's judgment. United States v. Cureton, 389 Fed. App'x 252 (4th Cir. 2010). The Fourth Circuit's mandate was issued on August 16, 2010. (3:07cr61, Doc. No. 527). On September 23, 2011, Petitioner

filed the instant motion to vacate, arguing that his trial counsel was ineffective for failing to challenge his § 851 enhancement on the basis that Petitioner's prior state conviction could not be used to enhance his federal drug sentence. On December 16, 2011, Respondent filed the pending motion to dismiss. (Doc. No. 5).

## II. STANDARD OF REVIEW

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

## III. DISCUSSION

In support of the motion to dismiss, Respondent contends that Petitioner has not alleged facts sufficient to support a claim of ineffective assistance of counsel where, at the time counsel

4

failed to object to the § 851 enhancement, binding Fourth Circuit precedent–United States v. Harp, 406 F.3d 242 (4th Cir. 2005)–applied to preclude any argument that Petitioner's prior convictions did not qualify as felony drug offenses. The Court agrees.

Here, Petitioner's sentence was imposed on December 11, 2008. As of that date, the last date on which Petitioner could have challenged the § 851 enhancement, see 21 U.S.C. § 851(c)(2), the Fourth Circuit's decision in United States v. Harp controlled. In Harp, the Fourth Circuit held that a prior conviction qualified as a "felony drug offense" for purposes of § 851 as long as any defendant could have received a sentence of more than one year in prison. Id. at 241. Harp was not overruled until the Fourth Circuit's en banc decision in Simmons, decided on August 17, 2011, almost three years after Petitioner was sentenced. In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense [for either a crime of violence or a controlled substance offense], the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled Harp. Furthermore, the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), on which the Fourth Circuit relied in Simmons, was not decided until June 14, 2010, approximately one and a half years after Petitioner was sentenced.

Here, since Harp was controlling law at the time of Petitioner's sentencing, Petitioner's ineffective assistance of counsel claim fails. Furthermore, Petitioner has no claim that counsel was ineffective for failing to predict that Harp would be overruled by Simmons. See Thompson v. Warden, Belmont Corr. Inst., 598 F.3d 281, 288 (6th Cir. 2010) ("[A]ppellate counsel is not ineffective for failing to predict the development of the law."); United States v. Harms, 371 F.3d 1208, 1212 (10th Cir. 2004) ("The Sixth Amendment does not require counsel for a criminal

defendant to be clairvoyant."); Mahorn v. United States, No. 5:12-cv-188, 2012 WL 1253051, at *5 (E.D.N.C. Apr. 13, 2012) ("[A]ny section 2255 petitions filed after Carachuri and before the en banc decision in Simmons would have been denied, as the district court would have been bound by the controlling Fourth Circuit precedent in Harp. It would be absurd to require a section 2255 petitioner to have forecasted the ultimate effect of Carachuri on Fourth Circuit interpretations of North Carolina state criminal convictions.").

Petitioner contends, however, that United States v. Rodriquez, 553 U.S. 377 (2008), which was decided before Petitioner was sentenced and after Harp, overruled Harp for the same reason that Simmons overruled Harp and was controlling law when Petitioner was sentenced. Petitioner contends that, under Rodriquez, because he was not sentenced to more than a year for any of his state court convictions none of the state court convictions could have been used as a "felony drug offense" for the purpose of a § 851 enhancement. See 21 U.S.C. § 841(b)(1)(A) (providing for a mandatory minimum term of imprisonment of 20 years for any defendant convicted of violation § 841 after a prior conviction for a "felony drug offense"); id. § 802(44) (defining "felony drug offense" for purposes of § 841 to be an offense that is "punishable by imprisonment for more than one year"). Petitioner contends that counsel was, therefore, ineffective for failing to object to Petitioner's sentence enhancement. For the following reasons, Petitioner's argument is without merit.

In Rodriquez, the defendant was charged with possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1). Rodriquez, 553 U.S. at 380. Rodriquez had three prior state convictions for delivery of a controlled substance. Id. At the time of the drug offenses, the Washington statute under which Rodriquez was convicted authorized a term of imprisonment of not more than five years. Id. Another provision of the state statute provided, however, that any

6

person convicted of a second or subsequent offense could be imprisoned for up to ten years. Id. Under this recidivist provision, Rodriquez could have faced up to ten years on two of the drug charges. The government pursued a sentence against Rodriquez under the Armed Career Criminal Act ("ACCA"), which mandates a fifteen-year minimum sentence for a person who violates § 922(g) and has three previous convictions for a violent felony or a serious drug offense. Id. The government argued that two of Rodriquez's drug convictions were serious drug offenses under the ACCA because they were punishable by a maximum term of imprisonment of ten years. Rodriquez argued, and the Ninth Circuit agreed, that the "maximum term of imprisonment" under the ACCA is determined without reference to recidivist enhancements.

The Supreme Court reversed and vacated the Ninth Circuit, noting that the ACCA refers to the "maximum term of imprisonment prescribed by law" for "an offense," not a defendant-specific inquiry that focuses on a defendant's prior conviction record of convictions. Id. at 384-85. Thus, Rodriquez is consistent with the Fourth Circuit's holding in Harp, which required courts to "consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Harp, 406 F.3d at 246; see also United States v. Hill, 539 F.3d 1213, 1221b (10th Cir. 2008) (noting that "Section 922(g)(1), like the statute explored in Rodriquez, demands that courts focus on the maximum statutory penalty for the offense, not the individual defendant"). In sum, there is simply no merit to Petitioner's contention that Harp was no longer controlling law in the Fourth Circuit at the time of Petitioner's sentencing.

For the reasons stated herein, the Court finds that counsel was not ineffective for failing to object to the § 851 enhancement. Therefore, the Court will grant Respondent's motion to dismiss.

## IV.  CONCLUSION

For the reasons stated herein, the Court will grant Respondent's motion to dismiss the § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion to Dismiss, (Doc. No. 5), is **GRANTED**, and the petition is **DISMISSED**.  The Court has considered the additional arguments made in Petitioner's "Traverse with Motion to Amend," (Doc. No. 7), and to this extent, the Court **GRANTS** the Traverse with Motion to Amend.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: October 11, 2012

Frank D. Whitney
United States District Judge